UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY MORENO,<br><br>    Plaintiff,<br><br>v.<br><br>LLOYD J. AUSTIN, III, Secretary, U.S. Department of Defense<br><br>    Defendant. | No. 2:22–cv–1719–KJM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

Plaintiff, proceeding without the assistance of counsel, filed a complaint against defendant. (See ECF No. 1.) The undersigned recommended defendant's motion to dismiss be granted. (ECF No. 11.) The assigned district judge adopted the findings in part, granting dismissal but also granting plaintiff 30 days to file an amended complaint. (ECF No. 15.) This deadline passed without a response from plaintiff. Accordingly, the undersigned recommends dismissing this case with prejudice under Rule 41(b) for failure to follow the court's orders.

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals

1

under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). This court's Local Rules are in accord. See E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See Ferdik, 963 F.2d at 1260. These are:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to prepare their defense; with the passage of time, memories fade and evidence becomes stale. The fifth factor also favors dismissal because the court has already attempted less drastic alternatives. Specifically, plaintiff was put on notice by defendant about the deficiencies of his complaint. (ECF Nos. 5, 7.) The undersigned also discussed these deficiencies with plaintiff at the January 17, 2023 hearing, and noted them in the January 24 findings. (ECF Nos. 10, 11.) The district

judge agreed but found that because the policy behind amendments to the pleadings was liberal, plaintiff should be granted a month to amend his complaint. (ECF No. 15.) In this way, the court provided plaintiff with multiple chances to provide facts to support his claims. As to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits. Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 3, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

more.1719